IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-1773 | |
| § | | |
| ROGER MACIAS, *et al.*, § | | |
| Defendants. § | | |

# **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 28] filed by Plaintiff Joe Hand Promotions, Inc. ("Joe Hand"). Plaintiff seeks summary judgment on its claim under 47 U.S.C. § 605. Defendants Roger Macias, Ana O. Macias, and Macias Enterprises, Inc. d/b/a Club 1400 neither filed a response in opposition to the Motion nor requested additional time to do so. The Southern District of Texas Local Rules provide that failure to respond to a motion is taken as a representation of no opposition. *See* LR 7.3, 7.4. However, when a party fails to respond to a Motion for Summary Judgment, the Court must nevertheless consider the merits of the Motion. *Resolution Trust Corp. v. Starkey*, 41 F.3d 1018, 1022-23 (5th Cir. 1995). Based on the Court's review of the record and relevant legal authorities, the Court **grants** the Motion for Summary Judgment.

## I.     BACKGROUND

Plaintiff sued Defendants alleging violations of the Federal Communications Act ("FCA"), 47 U.S.C. § 553 and § 605.  Macias Enterprises, Inc. is owned by Ana Macias, and Roger Macias is its only officer.  Plaintiff alleges that Defendants illegally intercepted and exhibited the telecast of the March 2010 "*Ultimate Fighting Championship 111:  St-Pierre v. Hardy*" ("Fight Program") at Club 1400, owned by Macias Enterprises.  After an adequate time to complete discovery, Plaintiff moved for summary judgment.  The Motion, to which no opposition has been filed, is ripe for decision.

## II.    SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

### III.   ANALYSIS

The FCA prohibits the unauthorized interception and broadcast of either satellite or cable transmissions. 47 U.S.C. §§ 553, 605. The FCA is a strict liability statute, and the plaintiff is required only to prove the unauthorized exhibition of the intercepted transmission. *See KingVision Pay-Per-View, Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 (9th Cir. 1999) (the finding that bar had, without authorization, shown a preliminary bout required judgment in favor of the plaintiff). A prevailing plaintiff may recover statutory damages of up to $10,000.00 for a violation of § 605. If the violation was willful and "for purposes of direct or indirect commercial advantage or private financial gain," the Court may award additional damages. A prevailing party is entitled to recover its reasonable costs and fees. *See* 47 U.S.C. § 605(e)(3)(B)(iii).

In this case, Defendants have admitted that at the relevant time Macias Enterprises owned Club 1400, Ana Macias owned Macias Enterprises, and Roger Macias was the only officer of Macias Enterprises. *See* Defendants' Answers to Interrogatories, Exhs. D(1) and D(2) to Motion. Plaintiff has presented uncontroverted evidence that the Fight Program was exhibited at Club 1400 on March 27, 2010. *See* Affidavit of Kim Vickery, Exh. A(2) to Motion. Indeed, Defendants have admitted that the Fight Program was exhibited at Club 1400. *See* Defendants' Responses to Requests for Admissions, Exh. E(1) and E(2) to Motion. Plaintiff has presented uncontroverted evidence that Defendants were not authorized

to exhibit the Fight Program. *See* Affidavit of Joe Hand, Jr., Exh. A to Motion, # 7. Plaintiff has presented uncontroverted evidence that Defendants have been accused on two prior occasions of illegally intercepting and exhibiting fight programs. *See* Defendants' Answers to Interrogatories, # 18.

This unchallenged evidence establishes that Defendants exhibited the Fight Program at Club 1400 in violation of the FCA, and that their violation was willful. Accordingly, Plaintiff is entitled to summary judgment and to an award of statutory damages, costs, and reasonable attorneys' fees.[1]

## IV. CONCLUSION AND ORDER

The uncontroverted evidence in this record establishes that Defendants willfully violated the FCA by illegally intercepting and exhibiting the Fight Program. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 28] is **GRANTED**. The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this **19th** day of **March, 2012**.

Nancy F. Atlas
United States District Judge

---

[1] Plaintiff has presented the affidavit of Jamie King, its counsel of record. In the affidavit, King states that attorneys "expended or will expend" a minimum of 13 hours working on this case at the rate of $250.00 per hour. *See* Affidavit of Jamie King, Exh. B to Motion, ¶ 9. The Court concludes that $3,250.00 is a reasonable fee for this case.